# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY W. GUENTHER,<br><br>        Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>        Defendant. | No. C16-2019-LTS<br><br><br><br>**MEMORADUM OPINION AND<br>ORDER ON REPORT AND<br>RECOMMENDATION** |

## I.    INTRODUCTION

This case is before me on a Report and Recommendation (R&R) by the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge. *See* Doc. No. 17. Judge Scoles recommends that I affirm the decision of the Commissioner of Social Security (the Commissioner) denying plaintiff Jeffrey W. Guenther's applications for Social Security disability benefits (DIB) and supplemental security income benefits (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 et seq. (Act). Neither party has objected to the R&R. The deadline for such objections has expired. The procedural history and relevant facts are set forth in the R&R and are repeated herein only to the extent necessary.

## II.    APPLICABLE STANDARDS

### A.    *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial

evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently."

*Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B.  *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*,

3

333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Judge Scoles noted that Guenther alleged disability due to heart attack, herniated discs in the neck, learning disabilities and comprehension problems. Doc. No. 17 at 2. Judge Scoles explained that Guenther seeks reversal of the ALJ's decision on three grounds: (1) the ALJ erred in developing the record by not ordering IQ testing as recommended by a consultative examining source, (2) the ALJ failed to properly evaluate the opinions of Dr. Breitenstein and (3) the ALJ's RFC was not supported by substantial evidence. *Id*. at 9-10. Judge Scoles discussed the development of the record as follows:

> In his decision, the ALJ thoroughly addressed Guenther's intellectual functioning and ability:
>
>> [Guenther] also alleged a learning disability and comprehension problems in his reconsideration appeal. No mental assessment was completed with the initial application as [Guenther] did not initially allege a mental condition and had no mental health treatment. [He] reports completing the 12th grade and working for 12 years as a silo construction service worker. . . . Submitted evidence from school records suggest low average intelligence. [Guenther] is not on medication or in treatment for a mental condition.
>
> (Administrative Record at 18.) The ALJ concluded that the evidence in the record indicated "a restriction to simple work tasks and reading/writing restrictions are appropriate." Accordingly, the ALJ's RFC assessment

4

limited Guenther to performing "simple, routine tasks with no requirement to write reports and read instructions." Significantly, the ALJ's limitations are consistent with Dr. Breitenstein's opinion that Guenther "worked successfully at difficult jobs requiring cooperation and appears to basically get along with supervisors and coworkers. He has the ability to maintain concentration, attention, and work pace for repetitive work."

Under the circumstances, I believe there is sufficient evidence in the record for the ALJ's disability determination, and therefore, a consultative examination for IQ testing was not required. *See Barrett*, 38 F.3d at 1023. Moreover, I believe the ALJ fully and fairly developed the record and addressed his findings in his decision as it pertains to Guenther's intellectual functioning and RFC assessment. *See Cox*, 495 F.3d at 618. Therefore, even if inconsistent conclusions could be drawn on this issue, I recommend the Court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 801.

Doc. No. 17 at 11-12 (footnotes omitted).

Judge Scoles then addressed Dr. Breitenstein's opinion:

In his decision, the ALJ addressed Dr. Breitenstein's opinions as follows:

> Psychological consultative examiner, Joseph Brietenstein [(*sic*)], PhD, opined that [Guenther] appears to have significant impairment in understanding, remembering, and carrying out moderate to complex instructions, particularly written. "He has worked successfully at difficult jobs requiring cooperation and appears to basically get along with supervisors and coworkers. He has the ability to maintain concentration, attention, and work pace for repetitive work. He would probably do best in a less stressful, changeful work environment." The consultative examiner's opinions have been considered and given some weight in accordance with the brevity of their examination of [Guenther] and reliance on her [(sic)] subjective reports of symptoms, history of treatment, and limitations.

(Administrative Record at 21.) Furthermore, in his RFC assessment for Guenther, while the ALJ did not specifically address the issue of a low

5

stress environment, he did limit Guenther to performing "simple, routine tasks with no requirement to write reports and read instructions," indicating the need for a low stress job.

> Therefore, having reviewed the entire record, and considered the ALJ's discussion of the objective medical evidence and review of Guenther's treatment history, I find that the ALJ properly considered and weighed the opinion evidence provided by Dr. Breitenstein. Specifically, not only did the ALJ grant Dr. Breitenstein's opinions "some" weight, but he also addressed inconsistencies within Dr. Breitenstein's opinions where they differed from the record as a whole. Therefore, I conclude the ALJ properly considered and applied the factors for evaluating a consultative examiner's opinions, and properly granted "some" weight to Dr. Breitenstein's opinions. *See Wiese*, 552 F.3d at 731. Accordingly, even if inconsistent conclusions could be drawn on this issue, the ALJ's conclusions should be upheld because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 801.

Doc. No. 17 at 14-15 (footnote omitted).

Finally, Judge Scoles addressed the ALJ's RFC as follows:

> In determining Guenther's RFC, the ALJ thoroughly addressed and considered Guenther's medical history and treatment for his physical and mental complaints. In particular, the ALJ addressed Guenther's medical records from 2013 and 2014 concerning his neck pain. The ALJ specifically noted Guenther only underwent conservative treatment for his neck and back pain complaints. Furthermore, the ALJ also properly considered and thoroughly discussed Guenther's subjective allegations of disability in making his overall disability determination, including determining Guenther's RFC. Therefore, having reviewed the entire record, the Court finds that the ALJ properly considered Guenther's medical records, observations of treating and non-treating physicians, and Guenther's own description of his limitations in making the ALJ's RFC assessment for Guenther. *See Lacroix*, 465 F.3d at 887. Furthermore, the Court finds that the ALJ's decision is based on a fully and fairly developed record. *See Cox*, 495 F.3d at 618. Because the ALJ considered the medical evidence as a whole, the Court concludes that the ALJ made a proper RFC determination based on a fully and fairly developed record. *See Guilliams*, 393 F.3d at 803; *Cox*, 495 F.3d at 618. The Court concludes that

6

> Guenther's assertion that the ALJ's RFC assessment is flawed is without merit.

Doc. No. 17 at 16 (footnotes omitted). Having rejected Guenther's arguments, Judge Scoles recommended that the Commissioner's decision be affirmed. *Id.* at 17.

## IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Scoles applied the correct legal standards and I find no error regarding his conclusions that the ALJ properly developed the record, evaluated Dr. Breitenstein's opinion and determined Guenther's RFC. As such I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Chief United States Magistrate Judge Jon Stuart Scoles' December 27, 2016, report and recommendation (Doc. No. 17) without modification. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Scoles' recommendation:
   a. The Commissioner's determination that Guenther was not disabled is **affirmed**; and
   b. Judgment shall enter against Guenther and in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 12th day of January, 2017.

                                 _____
                                 LEONARD T. STRAND
                                 UNITED STATES DISTRICT JUDGE